UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee | ) | |
| for the Registered Holders of Banc | ) | |
| of America Commercial Mortgage, Inc., | ) | |
| Commercial Mortgage Pass-Through | ) | |
| Certificates Series 2005-4, by Special | ) | |
| Servicer ORIX Capital Market, LLC, | ) | |
| | ) | 11 C 8701 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YOUNAN PROPERTIES, INC., ZAYA S. | ) | |
| YOUNAN and SHERRY YOUNAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on a motion to dismiss by Younan Properties, Inc. ("Younan"), Zaya Younan ("Zaya"), and Sherry Younan ("Sherry") (collectively "defendants") under Federal Rule of Civil Procedure 12(b)(1). For the following reasons, defendants' motion is granted.

Where a defendant moves to dismiss an action for lack of subject matter jurisdiction, the Court may consider facts outside of the pleadings. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee, filed a one-count complaint with this Court against

Younan, Zaya and Sherry for breach of a guaranty agreement. Wells Fargo is organized as a national banking association ("national bank") under 28 U.S.C. § 1348. While it failed to allege its state of citizenship in the complaint, Wells Fargo lists South Dakota as its state of organization on its certificate with the Office of the Comptroller of the Currency of the U.S. Treasury ("OCC"). Younan is incorporated and has its principal place of business in California. Zaya and Sherry are California residents.

The Court has original jurisdiction over a civil action if the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Section 1332 requires "complete diversity," which means that no plaintiff may be from the same state as any defendant. *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) (*citing Strawbridge v. Curtiss*, 3 Cranch 267 (1806)).

The party seeking to avail itself of the Court's jurisdiction has the burden of demonstrating it. *Amer. Bankers Life Assur. Co. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). Wells Fargo neglected to allege its state of citizenship in the complaint; thereby failing to sufficiently allege diversity jurisdiction. The Court grants Defendants' motion to dismiss under Rule 12(b)(1) without prejudice.

Even if Wells Fargo pled that its citizenship lied in the state listed on its organization certificate submitted to the OCC, South Dakota, diversity in this case could still be nullified if Wells Fargo maintained its principal place of business in California.

Wells Fargo contends that under 28 U.S.C. § 1348, a national bank may only be deemed a citizen of the state in which it keeps its main office, as set forth in its certificate submitted to the OCC. Seventh Circuit precedent holds that a national bank may also be a citizen of the state in which it maintains its principal place of business. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 993-94 (7th Cir. 2001). Contrary to what Wells Fargo argues, the Supreme Court has not overruled *Firstar Bank, N.A. See Wachovia Bank v. Schmidt, III*, 546 U.S. 303, 315 n.8 (2006). *Firstar Bank, N.A.* therefore remains the law in the Seventh Circuit.

For the foregoing reasons, the Court dismisses the complaint without prejudice, and grants Wells Fargo leave to file an amended complaint consistent with this Order.

_____
Charles P. Kocoras
United States District Judge

Dated: _____September 13, 2012_____