UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Registered Holders of Banc of America Commercial Mortgage, Inc., Commercial Mortgage Pass-Through Certificates Series 2005-4, by Special Servicer ORIX Capital Markets, LLC, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 11 C 8701 |
| vs. | ) ) ) | |
| YOUNAN PROPERTIES, INC., ZAYA S. YOUNAN and SHERRY YOUNAN, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Plaintiff Wells Fargo Bank N.A.'s ("Wells Fargo") motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). For the following reasons, the motion for dismissal without prejudice is granted, and conditioned on the payment of the Defendant's attorneys' fees.

## BACKGROUND

On December 7, 2011, Wells Fargo filed a complaint seeking the collection of funds from a defaulted promissory note against Defendants Younan Properties, Inc.("Younan"), Zaya Younan ("Zaya"), and Sherry Younan ("Sherry") (collectively,

"Defendants").   On July 26, 2012, the Defendants filed a motion to dismiss Wells Fargo's complaint.   The motion to dismiss contained three distinct issues that Defendants argued warranted the dismissal of the case.   The Defendants specifically argued that the Court lacked subject matter jurisdiction over the matter due to a lack of diversity of citizenship, that the Defendants were improperly served, and the Court did not have personal jurisdiction over the Defendants.   The motion to dismiss was initially submitted by Sherry and subsequently adopted in whole by Zaya and Younan.

On September 13, 2012, the Court granted the Defendants' motion to dismiss, finding that diversity had not been adequately pled.   Because the lack of diversity of citizenship was dispositive, we did not reach Defendants' two accompanying arguments.   On September 21, 2012 Wells Fargo filed the instant motion seeking to dismiss the case without prejudice.

**LEGAL STANDARD**

A plaintiff may voluntarily dismiss a suit by obtaining an order of the court.  Fed. R. Civ. P. 41(a)(2).  A plaintiff pursuing this route is subject to the terms and conditions the court deems proper as a quid pro quo for the dismissal.  *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).  In considering whether to grant a motion under Rule 41(a)(2), a court must look to whether the defendants will suffer undue prejudice

from the dismissal.  *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994);

*Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991).

## DISCUSSION

### A. Dismissal of the Case without Prejudice

Wells Fargo asks the Court to dismiss their case without prejudice pursuant to

Federal Rule of Civil Procedure 41(a)(2).  In considering whether dismissal should be

granted, the Seventh Circuit has emphasized the examination of four factors for guiding

a court's discretion: (1) the defendant's effort and expense in preparing for trial;

(2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the

action; (3) insufficient explanation for the need to take a dismissal; and (4) the

defendant's filing of a motion for summary judgment.  *See Ratkovich,* 951 F.2d at 158.

In the present case the factors favor dismissal.  As a threshold matter, the

Defendants do not oppose the dismissal of the case without prejudice.  The parties have

conducted limited discovery and have not committed substantial resources to preparing

for trial.  The second factor also weighs in favor of dismissal as Wells Fargo has

diligently prosecuted the case without undue delay.  Wells Fargo has also provided a

sufficient explanation for their request for dismissal.  Finally the fourth factor weights

in favor of dismissal as the Defendants have not submitted a motion for summary

judgment.  The Court grants Well Fargo's motion for dismissal without prejudice.

The court may attach conditions to a dismissal without prejudice. *Cauly v. Wilson,* 754 F.2d 769, 772 (7th Cir. 1985). The Defendants maintain that the dismissal should be conditioned on Wells Fargo's payment of the attorneys' fees related to litigating the issue of subject matter jurisdiction. Wells Fargo asserts that conditioning the dismissal on their payment of attorneys' fees would be improper because they could re-file the case in a different jurisdiction or appeal this Court's ruling without incurring the imposition of attorneys' fees. Wells Fargo also contends that the Defendants have not established that bad faith was involved in the filling of the action.

Wells Fargo correctly states that they can re-file their case in a different jurisdiction or could have appealed the Court's dismissal without incurring the imposition of attorneys' fees. Be that as it may, Wells Fargo chose the present course as the best option for prosecuting their case. The Court is not persuaded by Wells Fargo's argument speculating on the advantages of taking alternative avenues they could have explored when the path they ultimately took, seeking a dismissal without prejudice, is presently before the Court. Additionally, the Court has not found and Wells Fargo has not provided any case law supporting the assertion that an award of attorneys' fees under Rule 41(a)(2) should be based on a finding of bad faith. Absent authority, Wells Fargo's argument lack merit.

The Defendant expended time and resources in drafting and submitting their motion to dismiss, focused on the topic of subject matter jurisdiction, which cannot be used in any potential future litigation of the case. *See Cauly,* 754 F.2d at 772. The Court finds that the dismissal of the case without prejudice is appropriate and will be conditioned on the payment of the Defendant's attorneys' fees.

## B. Award of Attorneys' Fees

Having found that dismissal without prejudice is warranted and that payment of attorneys' fees should be imposed on Wells Fargo, the Court next determines the appropriate amount of attorneys' fees. The purpose of awarding attorneys' fees for the dismissal of a case without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused. *Id.* When a case is dismissed without prejudice, the defendant may have to defend the suit again at a later date and incur duplicative legal expenses. *Id.* Therefore, the fee award should reimburse the defendant for the expenses incurred in preparing work product that will not be useful in subsequent litigation of the claim. *Id.*

### 1. Sherry Younan

Sherry asserts that her counsel, from the law firm Schopf & Weiss L.L.P. ("Schopf"), incurred $46,754.96 in attorneys' fees. Sherry seeks attorneys' fees for over 90 billable hours spent researching, drafting and submitting their entire motion to

dismiss. Sherry asserts that Kristen Hudson, a partner at Schopf, who bills her clients at an hourly rate of $405.00, expended 53 hours on the motion to dismiss. Additionally, Sherry claims that Peter Baugher, also a partner at Schopf, who bills his clients at an hourly rate of $650.00, expended 37 hours on the motion to dismiss.

The Court initially notes that Sherry failed to specify the hours and resources devoted to the limited issue of subject matter jurisdiction. Only six entries in the invoices specifically mention the topic of subject matter jurisdiction. The remaining thirty four entries itemize all the hours spent submitting the motion to dismiss in its entirety, which contained three separate and distinct issues. As previously noted, the Court relegated its September 13, 2012 ruling to resolving only the issue of subject matter jurisdiction. The Court did not rule on the two other issues presented by Sherry's motion for dismissal concerning the propriety of service of process and whether the Court lacks personal jurisdiction over Sherry. The two issues that were not ruled on relied on facts and legal arguments that could potentially be used in future litigation between the parties in different forums.

Without a precise accounting of the fees related to litigating the issue of subject matter jurisdiction, the Court looks to Sherry's motions for guidance on the reasonableness of the submitted attorneys' fees. The argument section in Sherry's motion to dismiss for lack of subject matter jurisdiction and their subsequent reply brief

total eight pages in length. The subject matter of the motion was fairly straight forward and did not require extensive legal analysis or complex reasoning to reach the ultimate conclusion. The Court has difficulty justifying the requested attorneys' fees in light of the length of the briefs and the lack of complexity of the subject matter. Therefore the Court will allow for the recovery of all fees submitted by Hudson and Baugher specifically citing work pertained to the issue of the subject matter jurisdiction. Specifically the Court allows Sherry to recover attorneys' fees for Hudson's work done on July 22 and July 23 for .9 hours and 1.6 hours respectively, totaling 2.5 hours. The Court also allows for the recovery of attorneys' fees submitted by Baugher for the dates of July 20 for 3 hours, July 21 for 2 hours, July 23 for 3.4 hours and July 31 for 2.8 hours, totaling 11.2 hours. The total attorneys' fees Sherry will be awarded is $8,292.00. Additionally, the Court will allow for the compensation of all computer based legal research and copying fees submitted by Sherry, totaling $1,118.12. The Court awards Sherry attorneys' fees in total amount of $9,410.12.

### 2. Zaya Younan and Younan

Zaya submits that her counsel, from the law firm Arnold H. Landis, P.C., ("Landis"), incurred $9,232.00 in attorneys' fees. Zara and Younan assert that Arnold Landis, the founding partner of Landis, who bills his clients at an hourly rate of $415.00, expended 24 hours on the motion to dismiss.

Like the invoices submitted by Schopf, Landis does not separate the time spent specifically dealing with the issue of subject matter jurisdiction from the rest of time expended on the other issues contained in the motion to dismiss. Landis's invoices contain twenty two fee entries, only two cite work specifically relating to the narrow issue of subject matter jurisdiction. After a review of Landis' invoices, the Court is struck by the total hours submitted for compensation, compared to the brevity and lack of legal reasoning encompassed in Zara and Younan's motion to dismiss. Zara and Younan merely joined and adopted Sherry's initial motion and the subsequent reply brief in its entirety. Zara and Younan's two submissions totaled two pages, with one paragraph on each page adopting the submission Sherry. The Court will allow for the recovery of attorneys' fees, submitted by Landis, which cite work pertained to the issue of the subject matter jurisdiction. Specifically the Court allows Zara to recover attorneys' fees for Arnold Landis' work done on August 15 and August 21 for 1.9 hours and 1.5 hours respectively, totaling 3.4 hours. Zara will recover $1,411.00 in attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court grants Wells Fargo's motion for a dismissal without prejudice and conditions the dismissal on the payment of the Defendant's

attorneys' fees. Sherry shall be awarded $9,410.12 in attorneys' fees and Zara and

Younan shall be awarded $1,411 in attorneys' fees.

Charles P. Kocoras
United States District Judge

Dated:   January 23, 2013